ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:21-CR-083-P |
| ZACKEY RAHIMI    (1) | |

## FACTUAL RÉSUMÉ

INDICTMENT: Unlawful Firearm Possession, violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2).

PENALTY:

- Imprisonment for a period not to exceed 10 years;
- A fine not to exceed $250,000, or both a fine and imprisonment;
- A supervised-release term not to exceed three years, which may be mandatory under law and will follow any imprisonment term. If the defendant violates any of the supervised-release conditions, he could have his supervised release revoked and ordered to serve additional prison time; and
- A $100 mandatory special assessment.

OFFENSE ELEMENTS:

The elements the government must prove beyond a reasonable doubt to establish the offense alleged in Count One of the Indictment are:

First: The defendant knowingly possessed the firearms as charged;

Second: At the time the defendant possessed the charged firearms, the defendant was subject to an order, issued by a court after a hearing of which the defendant received actual notice and at which the defendant had an opportunity to be heard, which restrained the defendant from harassing, stalking, or threatening an intimate partner of the defendant and the child of the defendant's intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, and included a finding that the defendant represents a credible threat to

      the physical safety of such intimate partner or child or explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

Third:  At the time of the defendant possessed the charged firearms, the defendant knew he was subject to such an order; and

Fourth:  The possession of the charged firearms affected interstate or foreign commerce; that is, before the defendant possessed the charged firearms, it had traveled at some time from one state to another or between any part of the United States and any other country.

STIPULATED FACTS:

  On or about January 14, 2021, Arlington police executed a search warrant at Rahimi's residence. At the time the search warrant was executed, Rahimi was subject to an Agreed Protective Order, issued in the 324th Judicial District Court of Tarrant County, Texas, on February 5, 2020, in cause number 324-675717-20. The duration of the protective order was for two years from its issuance, and it was set to expire on February 5, 2022. The protective order was issued after a hearing of which Rahimi received actual notice, and at which he had an opportunity to participate. The protective order restrained him from harassing, stalking, or threatening an intimate partner and a child of an intimate partner, and restrained him from engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner and a child of the intimate partner. By its express terms, the protective order prohibited the use, attempted use, or threatened use of physical force against such intimate partner and a child of such intimate partner that would reasonably be expected to cause bodily injury, and the protective order included a finding that Rahimi was a credible threat to the physical safety of the intimate partner and child of the intimate partner. During execution of the search warrant a Glock, model 21 Gen 4, .45 caliber pistol, bearing serial number YBX386; and a Century Arms, model C308 Sporter, .308 caliber rifle, bearing serial number C308E32588 were located in Rahimi's room. Rahimi admits he knowingly possessed the Glock and Century Arms firearms.

  An ATF Interstate Nexus Expert reviewed the charged firearms and determined they were not manufactured in Texas. Thus, before January 14, 2021, the charged firearms had travelled in interstate or foreign commerce to reach Texas.

Finally, at the time he possessed the charged firearms on January 14, 2021, Rahimi admits he knew of and was subject to the Agreed Protective Order issued from the 324th Judicial District Court of Tarrant County, Texas, on February 5, 2020, in cause number 324-675717-20.

SIGNED this 8th day of May, 2021.

_____
ZACKEY RAHIMI
Defendant

_____
RACHEL M. TAFT
Counsel for Defendant